966

No. 72–1648. McCRARY v. OKLAHOMA. Ct. Crim. App. Okla. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Miller* v. *California,* 413 U. S. 15 (1973); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49 (1973); *Kaplan* v. *California,* 413 U. S. 115 (1973); *United States* v. *12 200-Ft. Reels of Film,* 413 U. S. 123 (1973); *United States* v. *Orito,* 413 U. S. 139 (1973); *Heller* v. *New York,* 413 U. S. 483 (1973); *Roaden* v. *Kentucky,* 413 U. S. 496 (1973); and *Alexander* v. *Virginia,* 413 U. S. 836 (1973). MR. JUSTICE DOUGLAS, being of the view that state obscenity regulation is prohibited by the Fourteenth and First Amendments (see *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70 (DOUGLAS, J., dissenting)), would grant certiorari and reverse the judgment of conviction.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was sentenced to 10 years in prison and fined $5,000 when convicted for selling allegedly obscene books and magazines in violation of Okla. Stat. Ann., Tit. 21, § 1021 (Supp. 1973–1974), which provides as follows:

"Every person who wilfully . . .

.        .        .        .        .

"(3) writes, composes, stereotypes, prints, photographs, designs, copies, draws, engraves, paints, molds, cuts, or otherwise prepares, publishes, sells, distributes, keeps for sale, or exhibits any obscene or indecent writing, paper, book, picture, photograph, figure or form of any description . . .

.        .        .        .        .

"(4) . . . is guilty of a felony and upon conviction therefor shall be punished by the imposition of a fine not less than One Hundred Dollars ($100.00)

nor more than Five Thousand Dollars ($5,000.00) or by imprisonment for not less than thirty (30) days nor more than ten (10) years, or by both such fine and imprisonment."

It is my view that, "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 1021 is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my *Paris Adult Theatre I* dissent, I would therefore grant certiorari, vacate the judgment of the Court of Criminal Appeals of Oklahoma, and remand for further proceedings not inconsistent with that dissent. *Id.,* at 73.